### SPITZ v. NEW YORK TAXICAB CO.

(Supreme Court, Appellate Term. December 22, 1909.)

1. APPEAL AND ERROR (§ 173*)—PRESENTATION BELOW—FAILURE TO PAY COSTS IN FORMER ACTION.

On defendant's appeal from a judgment for plaintiff, and an order denying a motion to open defendant's default, whether plaintiff is in contempt for discontinuing a former action and commencing the present action without paying costs in the former action, as required as a condition precedent to plead anew, will not be considered, as such costs could have been offset to plaintiff's claim in the present action, which was not done.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 173.*]

2. JUDGMENT (§ 138*)—DEFAULT—VACATING.

Where defendant substantially consented to a judgment by conceding liability in open court for the amount adjudged, he cannot have the judgment, subsequently entered by default, set aside.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 138.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Third District,

Action by Joseph Spitz against the New York Taxicab Company. From a default judgment for plaintiff, and an order denying a motion to open the default, defendant appeals. Affirmed.

See, also, 62 Misc. Rep. 492, 115 N. Y. Supp. 247.

Argued before GIEGERICH, GOFF, and LEHMAN, JJ.

Lewis D. Mooney, for appellant.
M. Strassman, for respondent.

GOFF, J. Defendant appeals from the judgment and from the denial of its motion to open its default. By written complaint, the plaintiff alleged that he sustained personal injuries by reason of the negligence of the defendant and demanded damages therefor. An answer was interposed, setting up a general denial and a separate defense that, previous to the commencement of the present action, the plaintiff had brought an action for the same cause against the defendant; that in such action an appeal was taken to this court; that costs and disbursements were awarded to defendant, and on payment thereof plaintiff had permission to plead anew; and it was further alleged that such costs and disbursements had not been paid. Issue being joined, the case was put down for trial June 21st, the return stating that both parties appeared; but the stenographer's transcript does not mention the appearance of defendant's counsel. The transcript says that the court adjourned the hearing until the following morning, when the following appears:

"Defendant's Counsel: We concede about $150 liability.
"The Court: That is all I gave him.
"Defendant's Counsel: That is satisfactory."

Judgment for that amount and costs were rendered. Defendant moved to open default on affidavit of counsel, which, among other things, stated he had told plaintiff's attorney that he would not be able to try the case by reason of business out of the state. On conflicting affidavits the justice denied this motion.

Counsel for appellant in his brief urges that plaintiff is in contempt of this court in evading its order by discontinuing the previous action without payment of costs and commencing the present one. The amount of costs to which the defendant was entitled, upon the discontinuance of the former action, could have been offset against the plaintiff's damages provable in this action, if the defendant had so pleaded them. This he did not do, and therefore this question is not before the court.

The only questions presented on this appeal are the regularity of the judgment and the propriety of the ruling of the justice in denying the motion to open the default. Apart from the question of regularity, it is a strange proceeding for counsel to seek the setting aside of a judgment to which he substantially consented, for he in open court conceded liability to that amount.

The judgment and order should be affirmed, with costs.

GIEGERICH, J., concurs. LEHMAN, J., concurs in the result.